**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 98-4040

MARCUS CHRISTOPHER ROBINSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., District Judge.
(CR-97-170)

Submitted: August 18, 1998

Decided: September 3, 1998

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles O. Peed, CHARLES PEED & ASSOCIATES, Winston-
Salem, North Carolina, for Appellant. Walter C. Holton, Jr., United
States Attorney, Lisa B. Boggs, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Marcus Robinson of possessing with intent to distribute 106.2 grams of "crack" cocaine. On appeal, Robinson challenges only the sufficiency of the evidence to support that conviction. In reviewing a jury verdict, this court considers whether, taking the evidence in the light most favorable to the government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80 (1942).

The circumstances leading to Robinson's arrest and conviction arose on the evening of June 10, 1997, in High Point, North Carolina. High Point police officers Mark Kuhn and Jason Henderson were on routine patrol when they heard a gunshot in the 1400 block of East Commerce Street. As they approached to investigate, they saw a crowd and a person who turned out to be Robinson running away from the crowd toward some nearby apartment buildings. Police followed Robinson as he ran by six or seven buildings, keeping sight of him as he ran between buildings.

When Robinson reached the far end of the buildings, he stopped and began running back in the opposite direction. At this point, the officers parked in a parking lot, and officer Kuhn exited the vehicle. Meanwhile, officer Henderson drove back to where the crowd had gathered, called for backup, and exited his vehicle and began moving toward the apartment buildings. As he came to the corner of a building, he heard a chain-link fence rattling. When he reached the far corner of the building, he saw Robinson inside a fenced-in playground area running towards him.

Henderson flashed his flashlight on Robinson, who then turned and ran away from Henderson. But officer Al Ferguson, who had responded to Henderson's radio call and had also heard the fence rattling, was already stationed at the opposite side of the fenced area. He saw Robinson running towards him, drew his weapon, and ordered him to stop. Robinson complied, and during Ferguson's search of Robinson's person he found a baggie with 0.6 grams of cocaine but no gun.

2

Officers then unsuccessfully searched the fenced area for a gun but did find a large bag of crack cocaine no more than forty feet from the fence line where police saw Robinson and heard the rattling sound. Although the ground was wet from the night dew, the top of the bag was dry. After being advised of his rights, Robinson made an oral statement to police, during which they asked him whether they would find his fingerprints on the bag. Initially, Robinson stated that they should not be on it, but a few minutes later said that they would be because a person in the crowd gave him the bag when the shooting began. Robinson stated that he immediately gave the bag back, and then started running. He denied any knowledge of how the bag got into the fenced area where he was found.

On appeal, Robinson avers that the evidence was insufficient to prove that he possessed the cocaine found in the fenced area because he did not possess it at the time of his arrest, and no one ever saw him in possession of it before his arrest. He avers that his mere proximity to the drugs is insufficient to support his conviction. Robinson ignores, however, the fact that he admitted to possessing the bag. And while he offered an explanation for such possession, the jury was free to find that explanation incredible. See United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996).

Moreover, the jury's rejection of Robinson's version of the events was reasonable in light of all the circumstances of the case. Given that the bag was dry and that Robinson admitted to possessing it immediately after the shooting, it could not have been in the fenced area long, which limits the number of persons who could have placed it there. Robinson was the only person seen running from the crowd immediately after the shot was fired, and the only person found in the fenced area. Further, the bag was found along the fence line, which two officers heard rattling as Robinson apparently jumped over it.

Accordingly, we find the evidence sufficient to support the jury's verdict. We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED